## THE CITY OF DUBUQUE v. STOUT.

1. **Corporation municipal: WHARFAGE.** *It seems,* that where a city has, pursuant to authority conferred by its charter, established a wharf and designated its uses, it may prohibit the landing of all crafts or freight elsewhere, require them to be landed at such wharf, and collect reasonable rates of wharfage therefor; and that a riparian owner upon the stream, within the corporate limits, cannot avoid the payment of such rates by having his freights landed or placed on his own premises.

2. —— But where the city has not carried into effect the power thus granted, by ordinance or otherwise, no such prohibition or liability will exist.

*Appeal from Dubuque Circuit Court.*

WEDNESDAY, JULY 26.

ACTION by the city of Dubuque, to recover $1,000, the amount claimed to be due from the defendant for wharfage, on account of lumber landed and placed upon the bank of a channel of the Mississippi river, within the limits of said city. The circuit court gave judgment for defendant for costs. The plaintiff appeals. The further facts are stated in the opinion.

*E. McCeney* for the appellant.

*Shiras, Van Duzee & Henderson* for the appellee.

COLE, J.—The charter of the city of Dubuque gives to the city council power to " open, alter, extend, widen, establish and vacate the sidewalks, streets, alleys, wharves, docks, landings and other public grounds of the city." Also, " to regulate the use of wharves and public landings, fix the rate of wharfage, and regulate the stationary anchorage and mooring of all boats and rafts within the city." At the time the wharfage sued for in this action is claimed to have occurred, the only ordinance which had been passed by

the city council, respecting wharfs or wharfage, was one providing that "all persons who shall land or place upon the levee or banks of the Mississippi river, or any of the sloughs or channels thereof within the city limits, any sawed or manufactured lumber, shall pay to the city, wharfage on the same at the following rates," etc. During the year 1869, the defendant landed and placed on certain premises, of which he was the owner in fee, fronting on a slough or channel of the Mississippi river, within the city, certain amounts of lumber. No wharves, docks, or public landings had been specified or established by any ordinance or resolution of the city council at the time this cause of action is claimed to have accrued

Where the city, pursuant to its charter, has provided wharves and designated the uses to which they shall be appropriated, it is very clear, upon both principle and authority, that it may require all boats, rafts, lumber and merchandise to be landed there and collect reasonable wharfage therefor, or if landed elsewhere, even on the premises of the owner, may require the payment of the same, or other reasonable wharfage from such owner. The right to prohibit the use of other places as wharves, and to collect wharfage if boats, rafts, etc., are landed there, is essential and necessary in order to the beneficial enjoyment of the power to provide wharves and fix the rate of wharfage. The right of the owner of property within a city, to use it for any purpose he pleases, is necessarily subordinate to the public interest, and to the exercise of the rightfully granted municipal authority. The instances in which this same power has been exercised by cities, and upheld by courts, in respect to markets, manufactories, auction sales, saloons, etc., are numberless, and we need not refer to them. *Sed vide* for the authorities, and a more extended discussion of this question, the opinion of MILLER, J., in a case between these same parties, *post*, 80.

But in this case it does not appear that the city had provided any wharves or designated any places to be used as such. It will be seen, by reference to the provisions of the charter above quoted, that the city is first given the power to "establish wharves," and then follows the grant of power "to regulate their use and fix the rate of wharfage." "A wharf is a space of ground artificially prepared for the reception of merchandise from a ship or vessel, so as to promote the convenient loading and discharge of such vessel." Bouv. Law Dic. The right to collect wharfage must follow and not precede the establishing of wharves. It is a right which does not rest wholly in the police power, but is dependent upon the fact that the city has provided wharves and designated their uses, for the convenience of those using them. Having thus provided wharves for the use of its citizens and those having commerce therewith, it may, under the power granted, require all to use them, or that they shall, at least, pay the reasonable rate fixed by ordinance. No wharves having been provided and no places designated for use as such, by ordinance or otherwise, the city could not be entitled to recover of defendant for the use of his own premises. *City of Muscatine* v. *Hershey*, 18 Iowa, 39.

Affirmed.